UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JACQUELINE F. COX,                    )        NO. CV 09-4343 AGR
                                      )
            Plaintiff,                )
                                      )
      v.                              )
                                      )        MEMORANDUM OPINION AND
MICHAEL J. ASTRUE,                    )        ORDER
Commissioner of Social Security,      )
                                      )
            Defendant.                )
_____ )

      Jacqueline Cox filed this action on June 17, 2010.  Pursuant to 28 U.S.C. §
636(c), the parties consented to proceed before Magistrate Judge Rosenberg on
July 13, 2009, and June 24, 2010.  (Dkt. Nos. 6, 12.)  On January 25, 2010, the
parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The
Court has taken the matter under submission without oral argument.

      Having reviewed the entire file, the Court remands this matter to the
Commissioner for proceedings consistent with this opinion.

///

///

///

///

1

2

## I.

## **PROCEDURAL BACKGROUND**

On June 2, 2008, and June 17, 2008, respectively, Cox filed an application for disability insurance benefits and supplemental security income benefits alleging a disability onset date of April 29, 2008.  AR 14.  The applications were denied initially.  AR 14, 85.  An Administrative Law Judge ("ALJ") conducted a hearing on January 29, 2009, at which Cox, a medical expert ("ME") and a vocational expert  testified.  AR 28-71.  On March 9, 2009, the ALJ issued a decision denying benefits.  AR 11-22.  On April 23, 2009, the Appeals Council denied the request for review.  AR 1-4.  This lawsuit followed.

## II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III.**

**DISCUSSION**

### A.    Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B.    The ALJ's Findings

The ALJ found that Cox met the insured status requirements through March 31, 2009.  AR 16.  Cox has the following severe impairments: "Degenerative Disc Disease of the cervical spine, arthritis, and obesity."  AR 17. Cox has the residual functional capacity ("RFC") "to lift or carry 20 pounds occasionally, 10 pounds frequently, stand or walk for 2 hours in an 8-hour work day with normal breaks, sit for 6 hours in an 8-hour work day and a sit stand option is required.  She is precluded from ladders, ropes and scaffolds or from working around hazards such as heights or moving machinery.  She is able to push and pull with foot pedals occasionally.  She is able to balance, stoop, crouch, kneel, bend, and crawl occasionally."  AR 19.  Cox cannot perform her past relevant work.  AR 21.  However, "there are jobs that exist in significant numbers in the national economy that the claimant can perform," such as Call Out Operator and Addresser.  AR 21-22.

### C.    RFC

The RFC determination measures the claimant's capacity to engage in basic work activities.  *Bowen v. New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986).  The RFC represents "the most [an individual] can still do despite [his] limitations."  20 C.F.R. § 404.1545(a).  It is an administrative

3

1    finding, not a medical opinion.  20 C.F.R. § 404.1527(e)(2).  The RFC takes into

2    account both exertional limitations and non-exertional limitations.  "When there is

3    conflicting medical evidence, the Secretary must determine credibility and resolve

4    the conflict."  *Thomas v. Barnhart,* 278 F.3d 947, 956-57 (9th Cir. 2002) (citation

5    and quotation marks omitted).

6          Cox argues that there is insufficient evidence from a treating or examining

7    physician by which an RFC determination can be made.  JS 6-7.  Accordingly,

8    Cox argues that the ALJ's RFC assessment is not supported by substantial

9    evidence.  JS 7.  Cox urges the Court to remand the matter for a consultative

10   examination.

11         It is the claimant's duty to prove she is disabled.  *Mayes v. Massanari*, 276

12   F.3d 453, 459 (9th Cir. 2001).  *See* 42 U.S.C. § 423(d)(5)(A) (the claimant must

13   furnish medical and other evidence of her disability); 20 C.F.R. § 404.1512(c)

14   ("You must provide medical evidence showing that you have impairment(s) and

15   how severe it is during the time you say you are disabled.").

16         "The ALJ . . . has an independent duty to fully and fairly develop the record

17   and to assure that the claimant's interests are considered."  *Tonapetyan v. Halter*,

18   242 F.3d 1144, 1150 (9th Cir. 2001) (citations and quotation marks omitted).  "An

19   ALJ's duty to develop the record further is triggered only when there is

20   ambiguous evidence or when the record is inadequate to allow for proper

21   evaluation of the evidence."  *Mayes*, 276 F.3d  at 459-60.

22         The ALJ gave "great weight" to the ME's testimony.  AR 18, 21.  The ME

23   testified that "the frustrating thing from my point of view is the lack of any actual

24   physical examination in the record in any detail."  AR 57-58.  The ME's RFC

25   assessment was based on "the totality of the record."  AR 55-56.  Cox testified

26   that she can walk 10-15 minutes, sit 10-15 minutes and stand 10-15 minutes

27   before she has to readjust her posture.  AR 44-46.  The ME testified that her

28   testimony was reasonable based on the medical record, and he accepted her

1  testimony.  AR 57, 61.  Substantial evidence supports the sit/stand/walk and

2  sit/stand option portion of the RFC.  However, no physical examination supports

3  the remainder of the RFC.  The ME testified that "since the gamut for a diagnosis

4  of anterolisthesis can be completely asymptomatic to obviously severe, you

5  usually like to see a rather detailed physical examination that, unfortunately, is

6  missing from the record."  AR 58.  *Tonapetyan*, 242 F.3d at 1150-51 (ME's

7  "concern over the lack of a complete record" upon which to assess claimant's

8  impairment).

9  When, as here, medical sources provide insufficient evidence, the ALJ may

10  order a consultative examination.[1]  20 C.F.R. §§ 404.1519, 404.1519a, 416.917.

11  **D.   Credibility**

12  "To determine whether a claimant's testimony regarding subjective pain or

13  symptoms is credible, an ALJ must engage in a two-step analysis."  *Lingenfelter*

14  *v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

15  First, "the ALJ must determine whether the claimant has presented

16  objective medical evidence of an underlying impairment 'which could reasonably

17  be expected to produce the pain or other symptoms alleged.'"  *Id.* (quoting

18  *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).  The ALJ found

19  that Cox's medically determinable impairments could reasonably be expected to

20  cause her symptoms.  AR 19.

21  "Second, if the claimant meets this first test, and there is no evidence of

22  malingering, 'the ALJ can reject the claimant's testimony about the severity of her

23  symptoms only by offering specific, clear and convincing reasons for doing so.'"

24  *Lingenfelter*, 504 F.3d at 1036 (citations omitted).  "In making a credibility

26  [1]  Cox does not challenge the ALJ's rejection of her treating physician's
27  opinion as unsupported by medical evidence, description of treatment, or any explanation of Cox's work-related functional impairments.  AR 20.  The ALJ did not err.  Moreover, the ALJ correctly notes that the existing medical records
28  indicate mild findings.  AR 17-18.

1    determination, the ALJ 'must specifically identify what testimony is credible and

2    what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464

3    F.3d 968, 972 (9th Cir. 2006) (citation omitted).  "[T]o discredit a claimant's

4    testimony when a medical impairment has been established, the ALJ must

5    provide specific, cogent reasons for the disbelief." *Orn v. Astrue*, 495 F.3d 625,

6    635 (9th Cir. 2007) (citations and quotation marks omitted).  "The ALJ must cite

7    the reasons why the claimant's testimony is unpersuasive." *Id.* (citation and

8    quotation marks omitted).  The ALJ may consider (a) inconsistencies or

9    discrepancies in a claimant's statements; (b) inconsistencies between a

10   claimant's statements and activities; (c) exaggerated complaints; and (d) an

11   unexplained failure to seek treatment.  *Thomas*, 278 F.3d at 958-59.

12        The ALJ found that Cox's "statements concerning the intensity, persistence

13   and limiting effects of these symptoms are not credible to the extent they are

14   inconsistent with the above residual functional capacity assessment." AR 19-20.

15   The ALJ articulated four reasons: (1) her subjective complaints are

16   disproportionate to the medical record; (2) treatment record is sparse; (3) any

17   treatment is conservative; and (4) she is "fairly active" and "maintains a fairly wide

18   range of daily activities." AR 20.

19        Although lack of objective medical evidence supporting the degree of

20   limitation "cannot form the sole basis for discounting pain testimony," it is a factor

21   that an ALJ may consider in assessing credibility. *Burch v. Barnhart*, 400 F.3d

22   676, 681 (9th Cir. 2005).  There is no dispute that the existing medical record

23   does not support the degree of Cox's subjective complaints. JS 12.

24        "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's

25   testimony." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *see also*

26   *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).  An unexplained or

27   inadequately explained failure to seek treatment is also a valid consideration in

28   determining credibility. *See Orn*, 495 F.3d at 636.  Cox testified that she has

6

1  continuous pain, which she rated as a 10 on a scale of 1-10, with 10 being "the

2  most severe pain you could ever have in your life." AR 35.  The ALJ could

3  reasonably infer that a claimant experiencing such extreme pain on a continuous

4  basis would seek treatment.  The ALJ is correct that the treatment records are

5  sparse.  Such treatment as Cox obtained (medication, physical therapy) is

6  conservative.  *Tommasetti*, 533 F.3d at 1040 (describing physical therapy and

7  anti-inflammatory medication as conservative treatment).

8       The ALJ found that Cox was "able to perform independent self-care

9  activities, she exercises, does grocery shopping, walks, cooks, performs

10  household chores, and she is able to walk 1/3 of a mile." AR 17, 20 (citing AR

11  237 (state agency physician opinion),[2] which in turn relied on Cox's

12  questionnaire, AR 168, 170-173).  The ALJ found that these activities were

13  inconsistent with Cox's subjective allegations of severe pain at a level of 10.

14  Such inconsistencies may properly be considered.  *Thomas*, 278 F.3d at 958-59

15  (inconsistencies between claimant's testimony and conduct).

16       The ALJ's credibility finding is supported by substantial evidence.  "If the

17  ALJ's credibility finding is supported by substantial evidence in the record, we

18  may not engage in second-guessing." *Id.* at 959; (citing *Morgan v. Comm'r of the*

19  *Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999)).

20  **IV.**

21  **ORDER**

22       IT IS HEREBY ORDERED that the matter is remanded to the

23  Commissioner for a consultative physical examination and further proceedings

24  consistent with this opinion.

25

26  ─────────────

27    [2] Cox notes that the ALJ incorrectly refers to a "consultative examiner's report." JS 12-13 (citing AR 20).  The ALJ correctly identified the report as a

28  state agency physician's opinion when he first referred to it.  AR 17.  The ALJ's error when citing the same report a second time is harmless and inconsequential.

1       IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this

2    Order and the Judgment herein on all parties or their counsel.

3

4

5    DATED: July 20, 2010

                                    _____
6                                        ALICIA G. ROSENBERG
                                      United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28